IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SILVERMAN BERNHEIM & VOGEL, P.C. | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | No. 02-CV-6662 |
| | : | |
| WESTPORT INSURANCE CORPORATION, | : | |
| | : | |
| Defendant/Counter-Plaintiff. | : | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Silverman Bernheim & Vogel ("SBV"), by its undersigned counsel, respectfully submits this Supplemental Memorandum of Law in further support of its Motion for Summary Judgment and in further opposition to the Motion for Summary Judgment filed by defendant Westport Insurance Corporation ("Westport").

**I.   THE COHEN & COMPANY CASE, UPON WHICH WESTPORT PLACES SOLE RELIANCE, IS DISTINGUISHABLE AND NOT PRECEDENT FOR THE PROPOSITION THAT A WRIT OF SUMMONS CONSTITUTES A "CLAIM" UNDER A CLAIMS MADE INSURANCE POLICY AS A MATTER OF LAW.**

In its motion, Westport bases its entire contention that a writ of summons constitutes a "claim" under a claims made insurance policy as a matter of law upon the case of Cohen & Company, Ltd. v. North River Insurance Company, 1994 W.L. 105561 (E.D. Pa. 1994). In particular, Westport takes out of context Judge Huyett's suggestion in his Opinion that the writ of summons in the Cohen & Company case constituted a claim under the North River insurance policy to argue that a writ always constitutes a claim. SBV, after researching the issue, found

that there are numerous cases holding that a writ does <u>not</u> provide sufficient evidence to permit removal, an analogous situation since you must have a factual basis from which to allege the amount in controversy or a factual basis for federal jurisdiction.  If a writ has been held to provide insufficient information to support removal, how could it, standing alone, provide sufficient information necessary to provide the insurer with a description of the claim, including the alleged wrongful acts, and a summary of the damage?  Clearly, it could not.

To ensure that Westport has inaccurately stated the holding of the <u>Cohen & Company</u> case, plaintiff sought out and has just obtained the file of the <u>Cohen & Company</u> case from the archives of the United States District Court for the Eastern District of Pennsylvania.  A review of North River's Motion for Summary Judgment in that case (Exhibit "A" hereto) makes it clear that North River **never** took the position that a writ of summons constitutes a claim in all circumstances as a matter of law, as does Westport herein but rather, it argued that "[t]hey [Cohen & Company] were fully aware of the writ of summons in the <u>Brady</u> matter [the underlying lawsuit] and **the basis for the lawsuit**, but failed to report it on their application for insurance [for the subject year]."  See, North River's Motion for Summary Judgment at ¶20.  The key evidence in that Motion for Summary Judgment was a letter from a former partner of Cohen & Company, who had handled the account for Cohen & Company with the plaintiffs in the underlying lawsuit.  Immediately upon receiving the writ of summons, he unequivocally told Cohen & Company to notify its liability insurance carrier of the action and supply legal counsel on his behalf.  See, letter of July 5, 1991 from William H. Brady, Jr. to Cohen & Company. (Exhibit "D" to Motion).  At depositions taken in the <u>Cohen & Company</u> case, both Mr. Brady and the managing director of Cohen & Company, Stanley E. Stettz, testified that the plaintiffs

in the underlying action (Advanced Marketing Systems and Advanced Homes) had been clients of Cohen & Company. See Stettz deposition at p. 20 (Exhibit "B" hereto) and Brady deposition at ppg. 9-10 (Exhibit "C" hereto). Indeed, Mr. Brady testified that in the course of his representation of the plaintiffs in the underlying action that he personally had been required to pay a civil IRS penalty and that the firm knew of that penalty. See, Exhibit "C" hereto at ppg. 24-25.

Accordingly, the underlying facts presented to Judge Huyett were strikingly different from those in this case. In contrast to this case, where there is no record whatsoever that either Kathleen Cocca nor DeCar Holding Company was a client or former client of SBV, nor was there any prior knowledge of wrongdoing, the plaintiff accounting firm in the Cohen & Company case absolutely knew that the writ had been filed by a former client and that there had been a problem in that representation. That is what constituted a "claim" under the North River policy...**and that was the holding of Judge Huyett**. In contrast to that factual scenario, in this case, when SBV checked the court docket for a statement of the nature of the plaintiffs' claim, the docket reflected that the case was for the "sale of goods." Thus, there was no knowledge by SBV either of a law suit by a former client nor the basis for that law suit which could constitute a claim under the clear terms of the Westport policy, which required SBV to provide information concerning the claim along with notice of such a claim.

Judge Huyett did not hold in Cohen & Company that a writ of summons constitutes a "claim" as a matter of law – indeed, as indicated in the summary judgment brief by North River, **North River never argued that point**. Rather, North River simply argued that, **on the facts presented,** Cohen & Company was at all relevant times aware of the basis for the law suit and

knew that it was a claim by a former client for professional malpractice. Accordingly, it is now clear (if it were not clear earlier) that the Cohen & Company case is not precedent for the contention that a writ of summons always constitutes a "claim" under a claims made policy as a matter of law. Since the record on this motion clearly shows that SBV lacked knowledge of the basis for the lawsuit or the status of the plaintiffs when the writ was filed, Westport cannot satisfy its burden of proof to demonstrate that the writ constituted a "claim" and summary judgment must be awarded to SBV.

## II.     THE RECORD IN THIS CASE CLEARLY PROVES THAT WESTPORT HAS NO EXCUSE FOR HAVING NOT RESERVED ITS RIGHTS.

The deposition transcript of Westport's corporate designee, Daniella M. Lalor has just been received and her admissions are striking. She testified that immediately upon receipt of notice of the claim issued on June 1, 2001, Westport internally raised the issue regarding the timing of the notification (Lalor Deposition p. 26)(Exhibit"D" hereto). According to Westport's internal policy, if a writ was received in the prior policy period and was not reported within that period or sixty (60) days thereafter, the notice was untimely. (Lalor Deposition p. 17). In order to determine whether notification was timely, Westport only needed to know the date the action was commenced, the date the writ was served, the date that notice was issued to Westport and the terms of its policy. It was conceded by Westport that all of the information necessary to make this determination was received by Westport on June 18, 2001. (Lalor Deposition at p.21). In particular, on June 18, 2001 Westport received the docket entries indicating the date the action was commenced, the date the writ was served upon SBV, and the date the law firm

entered its appearance upon acceptance of the writ. Westport was obviously in possession of the notification of the claim and certainly knew the terms of its own policy. (Lalor Deposition p. 23). Notwithstanding the fact that all of this information was readily available to Westport, there is no explanation for the ten month delay in advising SBV of the belief that the notification of the claim was untimely. Westport can also not explain the deviation from its own procedures in accepting the claim and failing to issue a reservation of rights letter.

Furthermore, and more importantly, Westport conceded that the lack of information in the writ itself precluded SBV from adequately complying with conditions precedent of delivering proper notice to Westport. The policy requires that the insured include with any notice of a claim a description of the claim, the alleged wrongful act, including dates it was commenced, a summary of the facts upon which the claim is based, the alleged or potential damage that may result, the names of the claimant, the names of the insureds against whom the claim is made and the date and circumstances by which the insured first became aware of the claim. (Exhibit "A" to Plaintiff's Cross Motion for Summary Judgment; Lalor Deposition p. 52). This information was not readily available either from the writ or the court docket. Since DeCar Holding Corp. was merely the registered name of an entity which was never formally created and Kathleen Cocca was a total stranger to the law firm, the writ provided the law firm with no information regarding any of the criteria that the Westport policy demands in connection with notification. Westport suggests that this information would be available from sources outside the writ (Lalor Deposition p.54). However, in order to ascertain the reason for the issuance of the writ, the law firm attempted to reach plaintiff's counsel and as indicated in the affidavit submitted with the law firm's Cross-Motion, only after counsel failed to respond was

a Rule to File a Complaint issued. Upon receipt of the Amended Complaint (the law firm never received the original Complaint) Westport was provided all the information which its policy requires.

Westport acknowledges that it was dilatory in pursuing the determination to deny coverage and astonishingly admits that no consideration was given to the impact upon its insured of withdrawing coverage. (Lalor Deposition p. 88). Notification of the denial of coverage was issued on March 21, 2002 at which time Westport never investigated the current status of the underlying proceedings. (Lalor Deposition p. 89). Westport was aware, however, that in order to proceed Westport would be required to start paying attorney fees and costs. The law firm's deductible had covered costs to date but clearly, additional attorney fees and costs including the retention of an expert would have to be borne by Westport. (Lalor Deposition pps. 90-91). Westport was unconcerned with the fact that no discovery had been conducted and that the deadline for discovery was rapidly approaching. (Lalor Deposition pps. 95-96, 98). The only concern of Westport was that upon the denial of coverage the law firm would not object to paying for the legal fees of appointed counsel and services which, in essence, it did not receive. (Lalor Deposition p. 101). Westport's lack of concern for any interests except its own is shocking, especially in light of the fiduciary nature of the relationship once Westport controlled the defense.

### III. CONCLUSION

In light of the distinguishing factors which clarify that the <u>Cohen & Company</u> case upon which Westport relies is not controlling and the acknowledgment of Westport that for 10

months they inexplicably sat on the determination of whether notice was timely, it is respectfully submitted that Plaintiff's Cross Motion for Summary Judgment should be granted in its entirety.

                              SILVERMAN BERNHEIM & VOGEL

                      BY:_____
                              Daniel S. Bernheim, 3d, Esquire
                              Jonathan J. Bart, Esquire
                              Two Penn Center Plaza, Suite 910
                              Philadelphia, PA 19102
                              215-569-0000

## CERTIFICATE OF SERVICE

I, JONATHAN J. BART, certify that on February 6, 2003, I caused a true and correct copy of the foregoing Plaintiff's Supplemental Memorandum of Law in Support of its Cross-Motion for Summary Judgment to be served by first-class mail, postage prepaid upon the following:

>Steven J. Polansky, Esquire
>Marshall, Dennehey, Warner, Coleman & Goggin
>1845 Walnut Street
>Philadelphia, PA 19103

>George Manos, Esquire
>Bollinger, Ruberry & Garvey
>500 West Madison Street
>Suite 2300
>Chicago, IL  60661

>SILVERMAN BERNHEIM & VOGEL

>By:_____
>        Jonathan J. Bart, Esquire